[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT
Upon the Information of Frank S. Maco, State's Attorney, dated July 31, 1998, charging the Defendant, Anthony Rivera, with the crimes of Murder in violation of General Statutes Section 53a-54a, Felony Murder in violation of General Statutes Section 53a-54c, Arson Second Degree in violation of General Statutes Section 53a-112, Tampering With Evidence in violation of General Statutes Section 53a-155 and Burglary First Degree in violation of General Statutes Section 53a-101 (c)(2), the Defendant was presented before the Court on August 5, 1998. The Defendant appeared with counsel and bond was set without prejudice in the amount of $1,000,000.00. Thereafter, the case was ordered transferred to the Part A Judicial District court in Litchfield.
Thence to September 29, 1998, when the parties appeared and the Defendant with counsel, Donald O'Brien, voluntarily waived a Hearing in Probable Cause. The Defendant for his plea said "Not Guilty" and elected a trial by jury.
Thence to February 6, 2002 when the State filed a Long Form Information dated February 5, 2001, charging the Defendant with Murder, Felony Murder, Arson in the Second Degree, Burglary in the First Degree and Tampering with Physical Evidence.
Thence to February 7, 2001, when the State filed a Long Form Information dated February 6, 2001, charging the Defendant with Murder in violation of General Statutes Section 53a-54a, Felony Murder in violation of General Statutes Section 53a-54c, Arson in the Second Degree in violation of General Statutes Section 53a-112 (a)(B), 53a-8, Burglary in the First Degree in violation of General Statutes Section 53a-101
(a)(2), and Tampering With Physical Evidence in violation of General Statutes Section 53a-155 (a)(2), 53a-8.
Thence to February 27, 2001, when both parties appeared and the voir dire process commenced before the Honorable Charles D. Gill, Judge. CT Page 12039
Thence to March 15, 2001, when the Court (Gill, J.) granted the State's Motion in Limine Regarding Evidence of Third Party Culpability.
Thence to March 13, 2001, when the jury was summoned, impaneled, and a trial of the issues began before the Court (Gill, J.) and a jury of twelve regular jurors and four alternates. On March 22, 2001, the State rested its case in chief. Thereafter, the Defense started its case. On March 28, 2001, the Defense rested, the State offered rebuttal testimony, and evidence was concluded. Final arguments by both sides were heard on March 28, 2001.
On March 29, 2001, the case was committed to the jury. The jury returned a verdict of GUILTY to each count of the information on March 29, 2001. The verdict was accepted and recorded. The case was continued for the preparation of a Pre-Sentence Investigation Report and sentencing.
Thence to June 8, 2001, when the parties appeared once again with counsel. The Court (Gill, J.) DENIED the Defendant's Motion for Judgement of Acquittal and Motion for New Trial. A Pre-Sentence Investigation Report having been prepared, the Court thereupon sentenced the Defendant to the custody of the Commissioner of Corrections on the:
1. First Count of Murder for the period of 54 years consecutive to the defendant's former sentence in LLI-CR98-96097.
2. Second Count of Felony Murder for the period of 50 years concurrent with the First Count.
3. Third Count of Arson in the Second Degree for the period of 10 years concurrent.
4. Fourth Count of Tampering With Physical Evidence for the period of 5 years concurrent.
5. Fifth Count of Burglary in the First Degree for a period of 10 years concurrent. The Defendant was given his Notice of Right to Appeal on June 8, 2001.
Whereupon it is adjudged that the defendant is to stand committed to the custody of the Commissioner of Corrections until he has complied with the judgment.
By the Court (Gill, J.) CT Page 12040
 Robert C. Stearns, Jr. Assistant Clerk
CT Page 12041